In the Matter of Richard G. BUNDY, Debtor.

W. Larry PACE, Plaintiff,

v.

Richard BUNDY, Defendant.

and

E. L. CRENSHAW, Plaintiff,

v.

Richard BUNDY, Defendant.

Bankruptcy No. 81–00127.

Adv. Nos. 81–0224, 81–0233.

United States Bankruptcy Court,
W. D. Pennsylvania.

June 17, 1981.

Randy L. Shapira, Erie, Pa., for plaintiff, W. Larry Pace.

Philip B. Friedman, Erie, Pa., for co-plaintiff, E. L. Crenshaw.

Lawrence C. Bolla, Erie, Pa., for debtor-defendant, Richard Bundy.

## MEMORANDUM AND ORDER

WILLIAM B. WASHABAUGH, Bankruptcy Judge:

The above captioned adversary proceedings involving a 1963 Chevrolet Corvette Coupe and the certificate of title thereto in which each of the plaintiffs ask to have the debtor's indebtedness to him determined non-dischargeable were consolidated for trial.

The debtor, Richard G. Bundy, was the proprietor of a gasoline service station known as Dick's Plaza Mobil at 12th and Pittsburgh Avenue, Erie, Pennsylvania and entered into an informal relationship with one "Murph" Salter to buy and sell classic or antique automobiles as a side venture. They purchased a 1963 Corvette from the plaintiff, W. Larry Pace, May 27, 1980 after inspecting it at his place of business in Gastonia, North Carolina and making subsequent telephone calls from Erie in an unsuccessful effort to get him to reduce his requested $15,000 sale price for the vehicle. On May 27th Salter delivered a checked signed by the defendant, Bundy, on an account in the Union Bank, Erie, Pennsylvania, in the name of the service station in the sum of $15,000 to Pace and thereby obtained possession of the vehicle and drove it to Erie. Pace testified that Salter exhibited a deposit slip showing a deposit of $11,000 or $13,000 in the account a few days earlier (he couldn't remember which), and although there was no agreement to hold the check, said the understanding was that the assigned certificate of title would be mailed to the purchasers at their Erie address when the check cleared. The check, however, was returned n. s. f., and on being put through a second time on instructions of Bundy when Pace talked to him on the telephone on the matter, it was similarity returned.

The plaintiff went to Erie, Pennsylvania, from his home in Gastonia, North Carolina when the check was returned the second time to obtain payment of the account and/or repossess the automobile, but was assured by both Bundy and Salter that payment would shortly be made as they had a sale pending for $22,000 for the vehicle and would have ample funds to pay the account when the transaction was closed; that the prospective purchaser had possession of the vehicle and they did not want him to make any embarrassing contacts or repossession efforts that would jeopardize finalization of the deal.

The fact is, that instead of a pending unconsummated transaction for $22,000 as represented to Pace, the associates had sold the vehicle a few days earlier for $12,000 cash to the co-plaintiff, E. L. Crenshaw, and had told Crenshaw when he paid the $12,000 that they would have the certificate of title for him in about a week. The facts of the prior consummation of this sale and delivery of possession of the vehicle to Mr. Crenshaw and the associates having received $12,000 in cash from the transaction were not disclosed to Pace in the conversations nor was any offer made to turn over the $12,000 sale proceeds on account or otherwise to Pace at any time.

There had been earlier transactions between Pace and Bundy and his associate in which the associates purchased antique automobiles and obtained possession of them on the strength of a check, but the parties differed as to whether the certificates of title were to be mailed when the checks cleared or whether they were agreed to be held until the associates re-sold the vehicles at a profit and made a later trip to North Carolina to redeem the check from the proceeds of sale and purchase an additional car with another check. It is our opinion that these and other differences in the testimony are immaterial as we have concluded the testimony shows that the debtor committed frauds such as to require the two indebtednesses to be determined non dischargeable, not only in obtaining or authorizing his associate to obtain possession of the Corvette on the strength of a check he signed and issued against insufficient funds, but in dissuading Pace from locating and repossessing the vehicle when he came to Erie for that purpose by falsely stating it had been sold under an uncompleted transaction for $22,000 when in fact

it had already been sold to E. L. Crenshaw for $12,000 cash without disclosing the receipt of said proceeds or offering to pay them over to Pace on account or otherwise, and in selling said vehicle to co-plaintiff, E. L. Crenshaw, for $12,000 cash on the representation that he would furnish him with a certificate of title in a week when he knew it could not be obtained without payment of the $15,000 due on the purchase price thereof which his non-disclosure and withholding of said $12,000 reveals he knowingly would be unable to do.

There are two actions pending in the Court of Common Pleas of Erie County, Pennsylvania, as a result of these matters, one instituted by W. Larry Pace against E. L. Crenshaw for return of the automobile in which Crenshaw joined Richard G. Bundy and his associate, Salter, as additional defendants, and another by E. L. Crenshaw against W. Larry Pace to compel assignment and delivery of the certificate of title as to which orders lifting automatic stays should be entered. The amounts of the indebtednesses of the debtor to Messrs. Pace and Crenshaw should be determined in the pending or other proceedings for collection or other relief by the Courts in which such proceedings are determined rather than considered as adjudicated herein as the amount owing Pace for the automobile may be dependent on whether or not he is successful in obtaining its return from Crenshaw and the amount of Crenshaw's $12,000 claim may or may not be dependent on whether he is able to retain such vehicle and obtain a marketable certificate of title therefor. In addition, the parties may or may not be entitled to recover additional sums in reimbursement of the counsel fees and other expenses to which they have been subjected because of the defendant's wrongs.

Appropriate Orders will be entered.